Diana Moore sued The Money Tree on April 14, 1993. Her action was based on two loans made to her by The Money Tree and insurance policies sold to her when the loans were made. Moore alleges that The Money Tree acted to deny her benefits that were due under the terms of the insurance policies. The Money Tree entered into four contracts with Moore to lend her money; two of those contracts predated this lawsuit, and two of them were entered after Moore had filed this action. The first two loan agreements contained no arbitration clauses; however, the third and fourth, dated December 24, 1993, and May 9, 1994, contained clauses setting out a predispute agreement to arbitrate controversies arising out of the contracts. Thus, the two contracts that were the subject of this action did not contain arbitration clauses, and as to them the Money Tree had no right to compel arbitration.
Throughout 1993, Moore filed deposition notices and documents relating to other forms of discovery that required responses by The Money Tree. After December 24, 1993, The Money Tree, aware of the state of arbitration law in Alabama at that time, decided not to seek an order compelling arbitration. Before the release on January 18, 1995, of the United States Supreme Court's decision in Allied-Bruce Terminix Companies v. Dobson, ___ U.S. ___, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995), Alabama courts followed the rule that a predispute agreement to arbitrate was enforceable only if both parties to the underlying contract had, at the time they entered it, contemplated substantial interstate activity in its performance. The Money Tree thought that a motion to compel arbitration would be unsuccessful and that to file such a motion would lead to wasted time and expense. The Money Tree did not file such a motion until Alabama law changed with the United States Supreme Court's decision in Allied-BruceTerminix.
The Money Tree moved on March 29, 1995, to compel arbitration. The court denied its motion on August 31, 1995, based on the plaintiff's objection that by not filing its motion earlier and by participating in the litigation process, The Money Tree had waived the right to compel arbitration. The Money Tree appealed.
The standard for determining whether a party has waived the right to compel arbitration is whether the party seeking to compel arbitration has substantially participated in litigation to a point that indicates an intent inconsistent with an intent to arbitrate and whether this participation has caused prejudice to the opposing party. Morewitz v. West of EnglandShip Owners Mutual Protection Indemnity Association,62 F.3d 1356 (11th Cir. 1995). The record indicates that The Money Tree had delayed only because Alabama law barred enforcement of predispute agreements to arbitrate in cases like this one. When Alabama law was *Page 1171 
changed by the United States Supreme Court, The Money Tree acted promptly to seek arbitration. The Money Tree, therefore, did not act in such a way as to waive the right to seek arbitration.
The contracts at issue in this case contained no agreement to arbitrate. Therefore, the trial court properly denied The Money Tree's motion to compel arbitration, although its denial should not have been based upon the waiver of the right to seek arbitration.